CASE No. 883.

McCOMB v. WOODBURY.

Where the time for answering expires after the day fixed for the opening of the Court of Common Pleas, but before such court is actually opened, the case may be put upon docket No. 6, and judgment by default taken upon the call of that docket on the first day of the term.

---

Before ALDRICH, J., Charleston, December, 1879.

The summons and complaint in this action were served October 21st, 1879. On November 12th defendant served notice of appearance, but never answered. On November 19th plaintiff's attorneys served upon defendant's attorney a notice that they

would apply for a judgment by default. Defendant objected to the docketing of the cause and to the order for judgment. The other matters and dates are given in the opinion of the court.

*Mr. T. M. Mordecai,* for appellant.

*Messrs. Tiedeman & Marshall,* contra.

May 17th, 1880. The opinion of the court was delivered by

Willard, C. J. The question submitted in the present case involves the construction of Section 21 of the act of 1873, amending the code of procedure, (15 *Stat.* 502,) which is as follows: " That after the passage of this act no judgment shall be obtained in the Court of Common Pleas except during term time and in open court; and it shall be the duty of the clerk to place all cases filed in his office, in which there is no defence, upon a docket to be prepared by him for that purpose, to be known as docket No. six, (6,) and this shall be called on the first day of the term," &c.

November 3d, 1879, was the day fixed by law for the opening of the Court of General Sessions for Charleston county. The presiding judge being prevented by sickness from attending on that day, the clerk opened the Court of General Sessions and immediately adjourned it to November 17th, then next ensuing. The Court of Common Pleas did not actually open for the transaction of business until December 5th, 1879, when docket No. 6 was called, the Court of General Sessions having continued from the day to which it had been adjourned until that day. The default of the defendant occurred after the day fixed for the opening of the court, but before December 5th, on which the business of the Court of Common Pleas actually commenced. The case was put upon docket No. 6, and called on December 5th, and judgment taken for the want of an answer.

It is contended on behalf of the defendant that by the true construction of the act of 1873, above recited, the motion for judgment could only be made upon the day appointed by law for the opening of the Court of Common Pleas, and that such day was prior to the day on which judgment was actually entered

and previous to the expiration of the time to answer. It is also contended, as a consequence of this position, that no judgment can be obtained for want of an answer unless such default had occurred previous to the time appointed by law for the holding of the court at which such judgment is demanded.

It is very clear that the statute intended to designate, for the purpose of calling docket No. 6, the day on which the Court of Common Pleas actually commences its business in accordance with the provisions of law regulating its proceedings.

By the act of June 9th, 1877, (16 *Stat.* 301,) it is provided as follows: "Should the business before the Court of General Sessions at any term be not completed on, the arrival of the day fixed by law for the holding of the Court of Common Pleas for any county, the judge presiding may, in his discretion, adjourn the said Court of Common Pleas until the business of the Court of General Sessions shall have been concluded; but, in order to keep the business of the courts separate and distinct, the Court of General Sessions for any county shall be finally adjourned for the term before the opening of the Court of Common Pleas." The effect of this section is to make the final adjournment of the Court of General Sessions the means of fixing the day for the opening and commencement of the business of the Court of Common Pleas. Under that view, December 5th was the first day of the commencement of the Court of Common Pleas for Charleston county, and the proper day for calling docket No. 6.

Section 21 of the act of 1873, appears to have but two distinct objects in view. The first is to postpone the entry of judgment for want of an answer until there is a court in session at which such judgment may be taken. The second is to expedite the application for such judgment by assigning for that purpose the first day properly applicable to the business of the Circuit. The defendant reads the statutes as if it had in view a third distinct object, namely, to prevent judgment for want of an answer from being rendered at any time, unless the default on which it is sought to be obtained occurred on a day prior to that fixed for the holding of the court. It is assumed that because it is the duty of the clerk to make up docket No. 6, so that it may be called on the first day of term, that that day is fixed as a means of determining

what cases may be moved at that term for judgment for want of an answer. It is undoubtedly the duty of the clerk to have docket No. 6 in readiness so that it may be called on the first day on which the court enters upon the transaction of its business, but beyond that no specified day is prescribed for making it up. The statute gives no intimation of any intention to limit the right of the court to give judgment for want of an answer to cases where the default has occurred previous to the day fixed for the commencement of the term, nor is such a provision at all essential to carry out the obvious purpose of the statute, which, as has been just said, was to secure but two objects, namely, the granting of such judgment in term time only, and the expediting of such application in term time. On the contrary, the proposition which the defendant seeks to engraft upon the statute, as implied in its terms, is altogether foreign to the objects which the statute has in view, and, therefore, without the range of proper implication.

The judgment appealed from was properly entered, and the appeal must be dismissed.

McIver and McGowan, A. J.'s, concurred.